IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ESPENSHADE,        :        Civil No. 3:18-cv-760
:
        Petitioner        :        (Judge Mariani)
:
        v.        :
:
KEVIN KAUFFMAN, *et al.*,        :
:
        Respondents        :

## MEMORANDUM

Petitioner Charles Espenshade ("Espenshade") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

## I.    Background

On or about March 6, 2014, Espenshade was charged with rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault, incest, unlawful contact with minors, corruption of minors, criminal solicitation, indecent assault of a person under the age of thirteen (13), and terroristic threats. (Doc. 8, Ex. A, *Commonwealth v. Espenshade*, No. CP-22-CR-0005946-2013 (Pa. Ct. Com. Pl. Dauphin Cty.)). On August 28, 2014, Espenshade entered a guilty plea to the charges. (*Id.*) Also on August 28, 2014, Espenshade was sentenced to a term of imprisonment of six (6) to twelve (12) years. (*Id.*) Espenshade did not file a direct appeal.

On July 10, 2015, Espenshade filed a *pro se* petition for post-conviction collateral

relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

(*Id.*).  Counsel was appointed to represent Espenshade and subsequently filed a motion to

withdraw as counsel.  (*Id.*).  The PCRA court granted the motion to withdraw filed by PCRA

counsel.  (*Id.*).  On July 5, 2017, Espenshade filed a second *pro se* PCRA petition.  (Doc. 1,

pp. 24-33, PCRA Petition).  On August 29, 2017, the PCRA court issued a notice of

intention to dismiss the petition and found that Espenshade was not entitled to post-

conviction collateral relief because there were no genuine issues of any material fact.  (Doc.

8, Ex. A, *Commonwealth v. Espenshade*, No. CP-22-CR-0005946-2013).  On September

19, 2017, the PCRA court denied the petition.  (*Id.*).

On October 4, 2017, Espenshade filed a notice of appeal to the Pennsylvania

Superior Court.  (Doc. 8, Ex. B, *Commonwealth v. Espenshade*, 1614 MDA 2017 (Pa.

Super.)).  On November 21, 2017, the Pennsylvania Superior Court filed an Order directing

Espenshade to comply with Rule 3517 of the Pennsylvania Rules of Appellate Procedure

("Pa. R.A.P."), requiring the filing of a docketing statement.  (*Id.*).  On December 8, 2017,

the Pennsylvania Superior Court dismissed the appeal, before issuing a decision, for failure

to file a docketing statement as required by Pa. R.A.P. 3517.  (*Id.*).  Espenshade did not file

a petition for allowance of appeal with the Pennsylvania Supreme Court.[1]

---

[1]    On September 8, 2017, Espenshade filed an application for extraordinary relief with the
Pennsylvania Supreme Court.  (Doc. 1, pp. 19-23).  Therein, he argued that the trial court lacked
jurisdiction over the rape, involuntary deviate sexual intercourse, and incest charges, and requested that
the Pennsylvania Supreme Court vacate his convictions and remand to the trial court for further

On April 6, 2018, Espenshade filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II.     Standards of Review

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.     Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on

---

proceedings. (*Id.*). The Pennsylvania Supreme Court dismissed the application for extraordinary relief based on Espenshade's failure to perfect the appeal. *See Commonwealth v. Espenshade*, No. CP-22-CR-0005946-2013; *Commonwealth v. Espenshade*, 541 MT 2017.

principles of comity in order to ensure that state courts have the initial opportunity to review

federal constitutional challenges to state convictions.  *See Werts v. Vaughn*, 228 F.3d 178,

192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845,

119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[2]  Respect for the state court system requires that the

petitioner demonstrate that the claims in question have been "fairly presented to the state

courts."  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

To "fairly present" a claim, a petitioner must present its "factual and legal substance to the

state courts in a manner that puts them on notice that a federal claim is being asserted."

*McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d

187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner

presents the same factual and legal basis for the claim to the state courts).  While the

petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404

U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity

to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting

---

[2]    In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal
convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and
"unavailable" for purposes of exhausting state court remedies under § 2254.  *Lambert v. Blackwell*, 387
F.3d 210, 233 (3d Cir. 2004).  Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only
to the Pennsylvania Superior Court.

those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865

(1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

B.     Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301

F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere

disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362,

408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding

lacks evidentiary support in the state court record or is plainly controverted by evidence

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## III.   Discussion

In the instant federal habeas petition, Espenshade asserts that he was unlawfully

coerced into entering a guilty plea and that counsel was ineffective for failing to request a

competency hearing. (Doc. 1).

In his PCRA petition, Espenshade set forth the following grounds for relief: (1)

violations occurred that so undermined the truth determining process that no reliable

adjudication of guilt or innocence could have occurred; (2) his guilty plea was unlawfully

induced; (3) government officials improperly obstructed his right to appeal; (4) the court

lacked jurisdiction; (5) "[t]he allegation of error has not been previously litigated or waived";

and, (6) "the failure to raise the issue prior to or during trial . . . , or on direct appeal could

not have been the result of any rational, strategic or tactical decision by counsel." (Doc. 1,

---

[3]   "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

p. 25).  The PCRA court denied the petition and Espenshade filed an appeal to the Superior

Court.  The Pennsylvania Superior Court dismissed Espenshade's appeal for failure to

comply with Pa. R.A.P. 3517.  The Superior Court never reached the merits of

Espenshade's claims.

To properly exhaust his state remedies, Espenshade was required to fairly present

his claims to the state court, either on direct appeal or by collateral review.  *See Castille*,

489 U.S. at 349-50; *Blasi v. Attorney General of Pa.*, 30 F. Supp. 2d 481, 487 (M.D. Pa.

1998).  As stated, Espenshade's appellate filing in the state court was the appeal of his

PCRA petition to the Superior Court that was summarily dismissed for failure to file a

docketing statement.  Thereafter, Espenshade never moved to reinstate his appeal, nor did

he file a petition for allowance of appeal with the Pennsylvania Supreme Court.  Therefore,

Espenshade never successfully presented his federal claims to the Pennsylvania Superior

Court, and the court had no opportunity to either examine or act on those claims.  His claims

are thereby defaulted.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sistrunk v.*

*Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996) (concluding, "if the final state court presented with

a federal claim refuses to decide its merits based on an established state rule of law

independent of the federal claim and adequate to support the refusal, federal habeas review

is foreclosed").

Espenshade's failure to properly pursue his claims at the state level constitutes an

independent and adequate state ground sufficient to support a procedural default of the

claims. *See Barnhart v. Kyler*, 318 F. Supp.2d 250 (M.D. Pa. 2004). Espenshade is not

entitled to federal habeas review of his claims unless he can meet his burden of establishing

"cause for the default and actual prejudice as a result of the alleged violation of federal law

or demonstrate that failure to consider the claims would result in a fundamental miscarriage

of justice." *Coleman*, 501 U.S. at 750; *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015).

Espenshade fails to acknowledge his procedural default of the claims and fails to allege any

cause and prejudice to excuse it. (*See* Doc. 1; *see also Teague v. Lane*, 489 U.S. 288, 298

(1989) (holding that the petitioner's failure to allege cause for his default precluded federal

habeas review of a defaulted claim)). Nor is there any indication that a failure to review

these claims will result in a fundamental miscarriage of justice. Consequently, Espenshade

is precluded from pursuing federal habeas corpus relief.

Furthermore, any attempt by Espenshade to exhaust his state remedies at this time

would be futile because the claims are procedurally defaulted due to waiver of the claims

and expiration of the PCRA statute of limitations. *See* 42 PA. CONS. STAT. § 9544(b) ("For

purposes of this subchapter, an issue is waived if the petitioner could have raised it but

failed to do so before trial, at trial, during unitary review, on appeal or in a prior state

postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this

subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final"). Because Espenshade is in procedural default for failing

to comply with the state filing requirements, the merits of his claims need not be considered here. *See Coleman*, 501 U.S. at 750.

IV.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

V.     Conclusion

Espenshade's PCRA appeal was dismissed by the Pennsylvania Superior Court for failure to comply with Pa. R.A.P. 3517, without a decision on the merits of the claims.

Additionally, Espenshade is time-barred from raising any further claims in the Pennsylvania courts. Because Espenshade has failed to show cause and prejudice, or a fundamental miscarriage of justice, his claims are procedurally defaulted. Therefore, the Court will deny Espenshade's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A separate Order shall issue.

*s/ Robert D. Mariani*_____
Robert D. Mariani
United States District Judge

Dated: April 2, 2020